SANDRA JOHNSON                                  CIVIL ACTION NO. 19-cv-1114

VERSUS                                          JUDGE ELIZABETH E. FOOTE

ARAMARK SERVICES, INC.                          MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

### Introduction

Sandra Johnson ("Plaintiff") was employed by University Health in Shreveport when she slipped and fell. Plaintiff filed suit in state court against Aramark Services, Inc., which she alleged had recently waxed the floor as part of its performance of janitorial services. Aramark removed the case based on an assertion of diversity jurisdiction.

### Aramark's Citizenship

Aramark Services, Inc. filed a notice of removal that alleged Plaintiff was domiciled in Louisiana and that Aramark is a Delaware corporation with its principal place of business in Pennsylvania. But the answer filed in state court stated that the proper defendant was actually Aramark Healthcare Support Services, LLC.

The citizenship of an LLC is determined by the citizenship of its members. Neither the answer nor the notice of removal alleged the membership of the Aramark LLC, but a corporate disclosure statement (Doc. 9) states that the LLC "is 100% owned by Aramark Services, Inc.," which is a Delaware corporation with its principal place of business in Pennsylvania.

The court will deem that allegation of 100% ownership to be equivalent to asserting that Aramark Services, Inc. is the sole member of the Aramark LLC. If that is not the case, Aramark must file a response to this order within 14 days and provide details about any other members of the LLC and their citizenship as required by Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017) and Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018).

**LUBA's Motion to Intervene**

LUBA Casualty Insurance Co. alleges that it paid workers' compensation benefits to Plaintiff in connection with her injuries in the slip and fall. LUBA filed a Motion to Intervene (Doc. 14) pursuant to Louisiana workers' compensation laws to seek reimbursement from any amount awarded to Plaintiff.

A complaint in intervention that seeks to assert a workers' compensation subrogation claim requires diversity between the intervenor (who is aligned as a plaintiff) and the defendants. Dushane v. Gallagher Kaiser Corp., 2005 WL 1959151 (W.D. La. 2005). Accordingly, it is important to know LUBA's citizenship before deciding whether it should be allowed to intervene. If LUBA shares citizenship with Aramark (Delaware and Pennsylvania), its intervention would destroy jurisdiction and require remand to state court.

LUBA's proposed complaint in intervention alleges that it "is a foreign insurance corporation authorized to do and doing business in the state of Louisiana." That is not sufficient to determine LUBA's citizenship. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of

business.  28 U.S.C. § 1332(c)(1).  Accordingly, "allegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation."  MidCap Media Fin., L.L.C. v. Pathway Data, Inc., 929 F.3d 310, 314 (5th Cir. 2019).

The court cannot determine from LUBA's current motion whether granting leave for it to intervene would destroy subject matter jurisdiction.  Accordingly, LUBA's **Motion for Leave to File Complaint in Intervention (Doc. 14)** is **denied without prejudice**. LUBA will be allowed until **March 4, 2020** to submit a new motion that sets forth the required facts regarding its citizenship.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of February, 2020.

Mark L. Hornsby
U.S. Magistrate Judge